UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

D'ANTHONY LAROME DAVIS                                                      PETITIONER

V.                                                        CIVIL ACTION NO. 3:26-CV-1-DPJ-ASH

SHERIFF WARD CALHOUN                                                       RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner D'Anthony Larome Davis filed this 28 U.S.C. § 2241 petition challenging his pretrial detention in the Lauderdale County Detention Facility in Meridian, Mississippi. Respondent Sheriff Ward Calhoun has moved to dismiss Davis's petition. As explained below, the undersigned recommends that the Court grant Respondent's motion and dismiss Davis's petition.

I.      Facts and Procedural History

On March 3, 2025, officers with the Meridian Police Department conducted a traffic stop of a vehicle in which Davis was traveling and seized drugs found therein. The Meridian Municipal Court subsequently issued warrants for Davis's arrest on four drug-possession charges with enhanced penalties for proximity to a school under Mississippi Code section 41-29-142, and Davis was arrested on the four initial charges on March 7, 2025. Davis had an initial appearance before a municipal court judge that day and was booked into the LCDF on March 13, 2025. Also on March 13, Davis waived a "preliminary hearing on advice from [his] attorney," and the court ordered a $100,000 bond. State Ct. R. Vol. 2 [8-2] at 23.

On January 13, 2026, a grand jury in Lauderdale County returned an indictment charging Davis with a single count of possession of methamphetamine as a habitual offender. Davis was arraigned and pleaded not guilty on January 26, 2026, and the circuit court set a March 27, 2026

pretrial conference and a June 3, 2026 first setting and plea deadline. The following day, Davis filed a pro se motion for a bond reduction, and his attorney, Marcus Evans, filed a motion for discovery.

Davis filed this federal habeas petition on January 2, 2026—while he was in jail on the initial drug charges and before the grand jury indicted him. Davis's petition complained (1) that he remained detained despite three separate grand juries failing to indict him; (2) about the enhancement to the initial drug charges for proximity to a school; (3) that he is innocent of the drug charges levied against him because "the driver/owner of the car [had] actual possession" of the drugs; and (4) about the amount of bail. Pet. [1] at 7. His prayer for relief asked that the "charges be dismissed" and he be "released from" LCDF. *Id.* at 8. In a January 16, 2026 filing, Davis added an additional ground focusing on a discrepancy between the number of charges listed on his March 7, 2025 initial appearance form and those listed on the March 13, 2025 preliminary hearing order. Supp. [6]. Respondent filed his motion to dismiss on January 29, 2026. Davis did not respond to the motion, and the time to do so has now expired.

II.     Analysis

As noted above, the sole relief sought by Davis in his petition is release from custody and dismissal of the state charges against him. Habeas relief is available under § 2241(c)(3) for a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." But "[a] pretrial detainee is not permitted to derail 'a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Graham v. Sollie*, No. 3:21-CV-379-DPJ-FKB, 2021 WL 5411549, at *1 (S.D. Miss. Oct. 22, 2021) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973)), *report and recommendation adopted*, 2021 WL 5404637 (S.D. Miss. Nov. 18, 2021). Thus, a pretrial detainee, for example, "may not seek

dismissal of state charges and release based upon his right to a speedy trial." *Id.* (citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).

On the other hand, where "special circumstances" are present, federal habeas corpus may lie "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489. "'Special circumstances' are those [i]n which a 'federal court cannot await a final ruling by [a] state court[], because the integrity of a federal right is threatened.'" *Wilson v. Washington County*, No. 4:20-CV-158-DMB-DAS, 2021 WL 4497493, at *2 (N.D. Miss. Sept. 30, 2021) (quoting *Vassar-El v. Orleans Par. Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018)). Special circumstances are present where

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) . . . other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate."

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger v. Harris*, 401 U.S. 37, 45, 53–54 (1971)); *see Portis v. Sollie*, No. 3:20-CV-316-TSL-RPM, 2021 WL 908214, at *2 (S.D. Miss. Jan. 20, 2021) (finding three situations spelled out in *Gates* "applicable in the federal habeas context"), *report & recommendation adopted*, 2021 WL 899079 (S.D. Miss. Mar. 9, 2021).

Davis has not shown that special circumstances exist here: there is no evidence of bad faith motivating the state proceedings; Davis is not challenging a state statute as "flagrantly and

3

patently" unconstitutional[1]; and he has not demonstrated that irreparable injury would occur absent federal intervention in the state-court proceedings. *Gates*, 885 F.3d at 880 (quoting *Younger*, 401 U.S. at 53). Davis's requested relief—that the Court to order him released and the charges against him dismissed—is unavailable under § 2241. The petition is therefore due to be dismissed with prejudice for failure to state a claim.

Even if Davis's filings, liberally construed, could be read as seeking some form of relief available under § 2241, his petition would be due to be dismissed for failure to exhaust. A state pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Exhaustion requires the petitioner to "provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief." *Martin v. Johnson*, No. 1:06-CV-71-D-D, 2006 WL 717491, at *1 (N.D. Miss. Mar. 21, 2006) (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)). While Davis filed a pro se motion for a bond reduction with the state trial court, a search of the Mississippi Supreme Court's general docket confirms that he has not filed a habeas petition in that court. He has therefore not exhausted any cognizable federal habeas claim, so his petition is alternatively due to be dismissed without prejudice for failure to exhaust.

III.    Conclusion and Recommendation

The undersigned has considered all arguments. Any not specifically addressed would not have changed the outcome. For the foregoing reasons, the undersigned recommends the Court grant Respondent's motion to dismiss [9] and dismiss the petition with prejudice for failure to state a cognizable claim or alternatively without prejudice for failure to exhaust.

---

[1] To the extent Davis challenges the application of Mississippi Code section 41-29-142 to enhance the penalties on his initial charges, the single-count indictment dropped the section 41-29-142 enhancement.

4

IV.    Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any

party, within fourteen days after being served a copy[2] of this report and recommendation, may

serve and file written objections to the recommendations, with a copy to the United States

District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may

accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may

receive further evidence or recommit the matter to the undersigned with instructions. The parties

are hereby notified that failure to file written objections to the proposed findings, conclusions,

and recommendations contained within this report and recommendation within fourteen days

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed factual findings and legal conclusions accepted by the district

court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v.

Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United

Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 11th day of June, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).